## SEABROOK CEMETERY ASS'N et al. v. RICE. (No. 3400.)

Court of Civil Appeals of Texas. Texarkana. June 2, 1927.

Rehearing Denied June 9, 1927.

Highways ⬬159(2)—Petition to compel opening of road construed as petition to remove obstruction preventing use of roadway held to state cause of action.

Where defendant purchased land, deed of which did not mention nor exclude land dedicated as roadway, but field notes of the acreage transferred embraced land of the roadway, and where plaintiff's land abutted on the road as dedicated, his petition for mandatory injunction to compel opening of the roadway, construed as a petition to compel defendant to remove obstruction preventing plaintiff from using roadway as means of ingress and egress to his land, held to state cause of action.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit by the Seabrook Cemetery Association and another against H. B. Rice. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Stevens & Stevens and C. F. Stevens, all of Houston, for appellants.

W. P. Hamblen, of Houston, for appellee.

LEVY, J. The Seabrook Cemetery Association, a corporation, and A. C. Liming brought the suit against appellee, asking for a mandatory injunction compelling him to allow a roadway 60 feet wide to be opened up on land claimed to be held and owned by him under a deed. The court sustained a general demurrer, urged by the defendant, to the petition, and the appeal is to review that ruling of the court.

As alleged, Mrs. Killett, owning a large acreage in the Ritson Morris league of land, by deed of record dated July 1, 1925, dedicated a roadway in the tract, 60 feet wide, "to Harris county for the use and benefit of the public as a roadway." Prior to the deed, on November 2, 1914, Mrs. Killett conveyed three acres of land to the Seabrook Cemetery Association. The three acres is located "within approximately 30 feet of said road dedicated as above." On July 1, 1915, Mrs. Killett conveyed to Mrs. Milliken 69.74 acres. As alleged, Mrs. Milliken, as a part of the consideration of the purchase, required of Mrs. Killett the execution of the deed of dedication. On October 1, 1923, Mrs. Milliken conveyed 14 acres of the 69.74 acres to plaintiff A. C. Liming. As alleged, the 14 acres "abuts upon said 60-foot public road dedicated as above set forth." On June 14, 1920, Mrs. Killett conveyed to defendant H. B. Rice 373.65 acres, "excepting three acres sold for cemetery purposes." The field notes of the 373.65 acres embrace the land of the 60-foot roadway, and the deed does not mention nor exclude the same. H. B. Rice went into possession of the land and "inclosed by fences," and "refuses to recognize said deduction and refuses to permit said 60-foot road to be opened, worked or traveled." As alleged:

"The commissioners' court of Harris county would have graded, hard-surfaced or shelled said roadway had it not been that the said defendant H. B. Rice ever since he acquired any interest in the Ritson Morris survey, to wit, since June 14, 1920, represented that no roadway had ever been dedicated and granted and objected in various ways to the working and grading of it."

As alleged:

"Although said dedicated road has never been worked by the county authorities, nevertheless

these plaintiffs have used the same, the route of travel being at times off and on the actual right of way so dedicated."

The plaintiff A. C. Liming claimed that "he is especially injured by reason of the closing of said road, in that he will not have a road to use along his said property to Galveston Bay, by which his land is bounded, and that the value of his property is thereby depreciated." The cemetery association claims that it is prevented from using the roadway in order to bury its dead members.

The prayer of the petition was:

"Wherefore petitioners pray for a writ of mandatory injunction compelling the defendant H. B. Rice to permit said road to be opened sixty feet in width as set forth in said dedication deed, and for full general and equitable relief."

It is believed by the members of this court that there was error in sustaining the demurrer to the petition. The petition should be construed as in its nature seeking a mandatory injunction to compel the appellee to remove the obstruction from the alleged roadway preventing the plaintiff Liming from using it as a means of ingress and egress to and from his land. Appellee had fenced the land, obstructing the use of the roadway. Appellant Liming's land abutted on the roadway, and he and his predecessor in title bought the land in reliance upon the dedication. He has shown a special interest in the roadway and injury in the closing thereof, even though the cemetery association did not, as we think, so show.

The judgment is reversed and the cause remanded.